IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COLIN OLIVE,<br>        **Plaintiff,**<br><br>    v.<br><br>**JOHN WHELAN**<br>**KAI N. SCOTT**<br>**BOARD OF GOVERNORS OF THE**<br>**FEDERAL RESERVE SYSTEM**<br>**JERRY SCHIANO**<br>**BARON SILVERSTEIN**<br>**BRUCE J. WILLIAMS**<br>        **Defendant.** | **CIVIL ACTION**<br><br><br>**NO.  25CV5278** |

## MEMORANDUM OPINION

*Pro se* Plaintiff Colin Olive has sued the Defendants—the Board of Governors of the Federal Reserve System ("the Board"), Judge John Whelan, Judge Kai Scott, Jerry Schiano of New Penn Financial, LLC ("New Penn"), Baron Silverstein of Newrez, LLC ("Newrez"), and Bruce Williams of Newrez, LLC d/b/a ShellPoint Mortgage Servicing ("ShellPoint") for violations of Article 9 of the Uniform Commercial Code ("UCC"); the Federal Reserve Act, 12 U.S.C. § 504; the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968; along with various federal criminal statutes governing mail fraud, 18 U.S.C. § 1341; wire fraud, 18 U.S.C. § 1343; bank fraud, 18 U.S.C. § 1344; false statements, 18 U.S.C. § 1001; and extortion under the Hobbs Act, 18 U.S.C. § 1951.

Defendants each filed three separate Motions to Dismiss, and, upon Plaintiff's failure to file a Response or otherwise seek an extension within the applicable 21-day period for any of the Motions, this Court issued two orders directing Olive to respond.  The first warned that

1

noncompliance <u>risked</u> dismissal of the case.  Olive did not file a Response, but did file a Motion to Enforce a Satisfaction of Mortgage ("Motion to Enforce").  Thereafter, this Court again ordered Olive to file his Response to Defendants' Motions, this time warning that failure to respond <u>shall</u> result in dismissal.  Olive then filed the first two pages of his Motion to Enforce, with a handwritten annotation that this document constituted his Response.  For the reasons set forth below, this matter will be dismissed with prejudice.

## I.    FACTUAL BACKGROUND

Plaintiff Olive owned real property located at 730 Eggleston Circle, Sharon Hill, Pennsylvania, which was subject to a mortgage agreement initially held by New Penn and subsequently assigned to Newrez—a mortgage servicing entity.  In April 2024, following a four-year span in which Olive repeatedly failed to satisfy his mortgage payment obligations, Newrez initiated a judicial foreclosure action in the Delaware County Court of Common Pleas.  Newrez was granted judgment on the pleadings by Judge Whelan four months later.

In September 2024, Olive, seeking to void the state court judgment, filed suit in this District—naming Defendants Schiano, Silverstein, Williams, Judge Whelan, along with Robert Auclair, Michael Freedman, and Adrienna Hunsberger—asserting claims for "misconduct, misrepresentation, fraud upon the court, recorder of deeds refused to file [his] documents as well as denial of due process and breach of fiduciary duty."  (internal quotations omitted).  Specifically, Olive alleged that he satisfied his mortgage obligation by serving as his own lender, and that Defendants failed to establish otherwise—especially given the "International Bill of Exchange" and promissory note he tendered as collateral.  This matter was assigned to Judge Scott who granted Motions to Dismiss as to Auclair, Judge Whelan, Freedman, and Hunsberger.  The matter was then transferred to the below signed Judge.  The remaining Defendants then filed

Motions to Dismiss.  When Olive failed to respond to those Motions, despite two court orders to do so, that action was eventually dismissed without prejudice.

During the pendency of that case, however, Olive initiated this current action in the Delaware County Court of Common Pleas in August 2025, naming Defendants Board, Judge Whelan, Judge Scott, Schiano, Silverstein, and Williams—and asserting violations of the Federal Reserve Act, the FDCPA, RICO, and various federal criminal statutes, including those prohibiting mail fraud, wire fraud, bank fraud, false statements, and extortion.  The Complaint, however, appears to reprise his prior theory—namely, that he, as his own "banking institution" and thus lender, satisfied his mortgage.

Upon timely removal of the matter from Delaware County to federal court, the Board moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) on September 22, 2025.  Judge Whelan then filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) on September 30, 2025, and Defendants Schiano, Silverstein, and Williams followed with a third Motion to Dismiss on November 3, 2025, pursuant to those same rules.

Olive neither filed a response nor sought an extension by each Motion's respective deadlines of October 13, October 21, and November 24, 2025.  In light of such failure, this Court issued a 14-day extension on December 4, 2025, directing Olive to file a response on or before December 18, 2025, and warning that failure to do so "risk[ed]" dismissal of the action.  Olive did not comply, instead filing a nonresponsive Motion to Enforce on December 17, 2025.  This Court then again ordered Olive, on January 13, 2026, to file a Response—this time by January 26, 2026—warning that failure to comply "shall result" in dismissal.  Olive again failed to respond, instead submitting on January 28, 2026, a truncated version of his prior nonresponsive Motion to Enforce, consisting only of the cover page and first page as well as a handwritten

3

notation purporting to designate the Motion as his response.  Under these circumstances, dismissal with prejudice is appropriate.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 41(b) permits dismissal of an action where a plaintiff fails to prosecute, comply with the Rules of Civil Procedure, or obey a court order.  *See* Fed. R. Civ. P. 41(b).  Such dismissal for failure to prosecute may be entered either upon a party's motion or *sua sponte*.  *See Spain v. Gallegos*, 26 F.3d 439, 454 (3d Cir. 1994) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962)).  In deciding whether a dismissal is appropriate, courts in this Circuit consider the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  *See Spain*, 26 F.3d at 454-55 (recognizing *Poulis* as the governing standard).  A *Poulis* analysis is particularly necessary before a motion to dismiss is granted based on a plaintiff's failure to respond, as the resulting dismissal effectively operates as a sanction for noncompliance with court orders or procedural rules.  *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).  Dismissals imposed pursuant to *Poulis* are ordinarily entered with prejudice.  *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

## III.    DISCUSSION

Under *Poulis*, courts must weigh the following factors when determining whether dismissal for failure to prosecute is warranted: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Poulis*, 747 F.2d at 868.  Such a balancing test involves no "magic formula," as no single factor controls and all six factors need not be satisfied

in order to dismiss a complaint.  *See Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008).  Here, application of the *Poulis* factors supports dismissal of the action.

### A.  Olive is Personally Responsible for Complying with Court Orders

A plaintiff remains personally responsible for following court orders, even when proceeding *pro se*.  *See Briscoe*, 538 F.3d at 258-59 (deeming it "logical to hold a *pro se* plaintiff personally responsible for delays in his case because a *pro se* plaintiff is solely responsible for the progress of his case"); *see also Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (affirming a finding of personal responsibility where plaintiff, proceeding *pro se*, could not attribute his failure to comply with court orders to counsel).  Here, Olive was twice ordered to respond to Defendants' pending Motions—first on December 4, 2025, when a 14-day extension was granted along with a warning that noncompliance risked dismissal, and again on January 13, 2026, with a warning that failure to respond within fourteen days would result in dismissal. Rather than comply, Olive filed the same Motion to Enforce twice—first in full and later limited to the first two pages—neither of which responded to Defendants' Motions.  Olive likewise never sought an extension, a basic procedural step which would have reflected an intent to comply with the court orders and advance the case.  Olive's failure to file the ordered response therefore weights in favor of dismissal under the first *Poulis* factor.

### B.  Olive's Conduct Suggests a Finding of Prejudice to Defendants

Prejudice to an adversary may encompass "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party."  *See Adams v. Trs. of the N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994).  Delays attributable to a party's lack of cooperation can also constitute prejudice.  *See Emerson*, 296 F.3d at 190-91 (citing *Poulis*, 747

5

F.2d at 868).

Here, although the case remains in its early stages, Olive's failure to respond to Defendants' three separate Motions to Dismiss—and to comply with court orders—nonetheless weights in favor of a finding of prejudice, as such noncompliance has stalled the progression of the case and has required Defendants to expend resources monitoring a dormant action.  *See Emerson*, 296 F.3d at 190-91 (upholding a finding of prejudice where plaintiff's failure to respond caused substantial delay).  Accordingly, the second *Poulis* factor weights in favor of dismissal—albeit modestly.

### C.  Olive Demonstrates a History of Dilatoriness

Compliance with deadlines set by the rules and the Court is vital to "the expeditious processing of litigation."  *See Poulis*, 747 F.2d at 868.  Although one or two instances of delay, standing alone, do not establish a history of dilatoriness, "[e]xtensive or repeated delay . . . over the life of the case"—particularly in responding to court orders—does.  *See Briscoe*, 538 F.3d at 260; *see, e.g.*, *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 224 (3d Cir. 2003) (finding a history of dilatoriness where plaintiff, without excuse, twice failed to timely respond to defendant, and thereafter failed to comply with a court order or complete its damages calculation); *Emerson*, 296 F.3d at 191 (finding "continuous dilatoriness" where defendant was delayed by several months because of plaintiff's multiple requests for stays and failure to timely respond); *Poulis*, 747 F.2d at 868 (finding "a pattern of dilatoriness" where no response to interrogatories was ever filed).

Here, Olive's conduct reflects more than mere delay—his complete failure to respond to Defendants' three Motions has left the action stalled in its initial phase.  Further, that Olive filed essentially the same Motion to Enforce after both court orders—first in full and later in truncated

6

form—forecloses any plausible claim that he did not receive those orders.  The delay, therefore, is entirely attributable to Olive, constitutes a history of dilatoriness, and weights the third *Poulis* factor in favor of dismissal.

### D.  Olive's Conduct Reflects Willfulness or Bad Faith

The fourth *Poulis* factor turns on whether a party's conduct reflects "the type of willful or contumacious behavior . . . characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262 (citing *Adams*, 29 F.3d at 875).  Willfulness is typically understood as "intentional or self-serving behavior." *See id*.  Mere negligence or inadvertence does not suffice.  *See id*. (citing *Poulis*, 747 F.2d at 868-69).

Here, Olive's conduct exceeds mere negligence or inadvertence.  First, that he previously brought a largely identical suit before Judge Scott (now a defendant) makes clear that this action represents a calculated and improper attempt to relitigate his claims in hopes of obtaining a more favorable outcome.  Further, despite being twice ordered to respond to Defendants' Motions and expressly warned that failure to do so could, and then would, result in dismissal of this action, Olive failed to file any substantive response or provide any justification for his noncompliance. This pattern of conduct demonstrates not only a blatant disregard for established judicial process, but also a willful refusal to comply with the Court's orders.  *See, e.g.*, *Emerson*, 296 F.3d at 191 (affirming a finding of willfulness where plaintiff failed to comply with the court's orders and prolonged the litigation); *Ware*, 322 F.3d at 224 (upholding a willfulness determination where "no excuse ha[d] been proffered for the excessive procrastination").  Accordingly, the fourth *Poulis* factor weights in favor of dismissal.

### E.  No Lesser Sanction Would Be Effective

Prior to ordering dismissal, courts must consider the availability of alternative sanctions.

*See Briscoe*, 538 F.3d at 262-63 (citing *Poulis*, 747 F.2d at 869).  However, where a plaintiff fails to prosecute his action, no sanction—short of dismissal—is typically appropriate.  *See Briscoe*, 538 F.3d at 262-63.  Here, Olive's continued failure to respond to Defendants' Motions—despite court orders requiring that he do so—demonstrates that lesser sanctions would be futile.  Left unaddressed, his noncompliance would operate as a complete barrier to the action proceeding beyond this stage, thereby further prejudicing Defendants.  The fifth *Poulis* factor thus weights in favor of dismissal.

### F.  Olive Has Failed to Assert Meritorious Claims

"A claim . . . will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff. . . ."  *Poulis*, 747 F.2d at 869-70 (internal citations omitted).  Here, Olive's claims plainly lack merit.  Although he invokes Article 9 of the UCC, the Federal Reserve Act, the FDCPA, RICO, and several criminal statutes—18 U.S.C. §§ 1341, 1343, 1344, 1001, and 1951—he pleads no factual allegations supporting relief under any of them.  Rather, his Complaint merely cites their provisions, demands a "comprehensive accounting," and conclusorily alleges that "the mortgage agreement has been satisfied."  Without more, such pleadings fail to establish a basis for relief, and the sixth and final *Poulis* factor weights in favor of dismissal.  Thus, each of the six *Poulis* factors is satisfied.

For the foregoing reasons, this matter shall be dismissed with prejudice for failure to prosecute.  An appropriate order follows.

BY THE COURT:

S/ WENDY BEETLESTONE

_____

WENDY BEETLESTONE, C.J.